UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ERSKINE JORDAN,

                          Plaintiff,                      12-CV-00714

             v.                                 **COMPLAINT AND JURY DEMAND**

AMERICAN EAGLE AIRLINES, and TRANSPORT
WORKERS UNION LOCAL 570,

                        Defendants.

------------------------------------------------------------------------X

      Plaintiff, by his undersigned attorneys, as and for his complaint, alleges as follows:

## INTRODUCTION

      1.     This is a lawsuit by an employee of American Eagle Airlines who was wrongfully discharged and whose union, Transport Workers Union Local 570, refused to appeal his discharge through a contractual grievance procedure for reasons which are arbitrary, discriminatory, or in bad faith.

## JURISDICTION

      2.     This Court's jurisdiction is invoked pursuant to 45 USC 153

## PARTIES

      3.     Defendant American Eagle Airlines ("American Eagle")is a airline which flies routes throughout the United States. It's corporate headquarters is at 4333Amar Carter Blvd., Fort Worth, Texas 76155.

4. Defendant Transport Workers Union Local 570 ("Local 570"), a union, is the collective bargaining agent for Flet Service Clerks employed by American Eagle throughout the United States. It is headquarteredat 5705 NW38th Street, Miami Springs, Florida 33166.

5. Plaintiff Erskine Jordan was, at all relevant times, an employee of American Eagle, and was represented for collective bargaining purposes by Local 570

## FACTS RELEVANT TO CLAIMS

6. Prior to October 1, 2010 plaintiff was a satisfactory employee of American Eagle.

7. American Eagle's collective bargaining agreement with Local 570 did not permit the termination of an employee's employment except for "just cause."

8. On or about October 1, 2010, Plaintiff was arrested after being falsey accused of stealing another employee's property.

9. As a result of said arrest, Plaintiff was at first suspended, and then terminated from employment.

10. Plaintiff both contested his arrest and appealed his discharge; his appeal could be decided in arbitration, by a neutral party, only of his union requested that this occur.

11. On or about July 27, 2011, not having done its own independent investigation of the allegations against Plaintiff, and instead of waiting for the outcome of the criminal proceeding, Local 507 arbitrarily, capriciously, and in bad faith determined that it would not allow Plaintiff to proceed with his appeal to arbitration.

12. On September 6, 2011 the criminal charges against Plaintiff, which were unfounded, were dismissed. Although the union was notified it asserted an inability to reinstate Plaintiff's appeal.

13.     Plaintiff has exhausted all available internal union remedies.

## AS AND FOR A FIRST CAUSE OF ACTION

14.     American Eagle's discharge of Plaintiff breached its collective bargaining agreement with Local 570.

## AS AND FOR A SECOND CAUSE OF ACTION

15.     Local 570's refusal to proceed with Plaintiff's grievance to arbitration was a breach of its duty of fair representation.

## DAMAGES

16.     As a proximate result of defendants' wrongful acts, Plaintiff has suffered a loss of wages, a loss of benefits, and severe emotional distress.

## JURY DEMAND

17.     Plaintiff demands a jury trial on all claims

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment against defendants, jointly and severally, ordering Plaintiff's reinstatement to his employment, payment of full back pay, reimbursement of any losses caused by his loss of benefits, payment of $500,000 in compensatory damages, and payment of attorneys fees, costs and expenses.

Dated: New York, New York
January 27, 2012

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Plaintiff

By: /s/
Arthur Z. Schwartz
225 Broadway, Suite 1902
New York, New York  10007
(212) 228-6320